JESSIE WATERS, Appellant, *v.* HOMER H. MILLER, Respondent.

Fourth Department, December 30, 1927.

**Motor vehicles — injuries to pedestrians — defendant's automobile struck plaintiff and knocked her down, and when automobile stopped it was resting on plaintiff's body — defendant backed automobile and released plaintiff — error to limit question of negligence to what took place after plaintiff was struck.**

The plaintiff, while crossing a street, was hit and knocked down by defendant's automobile, and when the automobile was stopped it was resting on plaintiff's body. The defendant backed the automobile and released the plaintiff.

It was error for the court to limit the question of defendant's negligence to what took place after plaintiff was first struck by the automobile, for the complaint was sufficiently broad to include the entire transaction, including what occurred before as well as what occurred after plaintiff was struck by the defendant's automobile.

APPEAL by the plaintiff from a judgment of the Supreme Court, entered in the office of the clerk of the county of Monroe on the

29th day of April, 1927, and also from an order entered in said clerk's office on the same day.

*William C. Combs,* for the appellant.

*John Van Voorhis' Sons* [*John Van Voorhis* of counsel], for the respondent.

CLARK, J. This is an action for damages for personal injuries sustained by plaintiff in an automobile accident on a public street in the city of Rochester. There was a verdict in favor of the defendant.

The accident occurred on the 4th day of July, 1925, about nine o'clock in the evening. Plaintiff was crossing the street and was hit and knocked down and injured by an automobile owned and driven by defendant. The car proceeded a very few feet rolling plaintiff beneath it, and stopped with the left front wheel resting on some portion of plaintiff's body. Defendant thereupon backed his car and plaintiff was released.

By his charge the learned court limited the question of defendant's negligence to what took place after plaintiff was first struck by the automobile. The language of the court was as follows: " The plaintiff if she recover here, gentlemen, must recover for the things that were done and the action that was taken by the driver of this automobile after she was struck. I charge you that up to the time that this occurred there is nothing in the case that would justify you in finding a verdict for the plaintiff. I don't think it is necessary to explain that here, you are not interested in that, so that your deliberations will be limited."

The charge of the learned court thus limited was probably occasioned by the fact that in the 4th clause of the complaint, after describing what took place after plaintiff was knocked down and pinned under the automobile, it was alleged that " defendant carelessly, negligently and unlawfully caused the said automobile to be backed over the said plaintiff, the front wheels of said automobile passing over the plaintiff's body, causing the plaintiff great bodily injury and suffering."

The fact of her having been knocked down by defendant's careless and negligent operation of his car was fully described in the 3d clause of the complaint, and in the 5th and 6th counts it was stated: " That the above said accident and all of the injuries and damages set forth herein were caused solely and wholly by the negligence * * * of the defendant * * *," and that by reason of said accident she sustained the injuries fully described in the 6th clause of the complaint.

It is our opinion that the complaint was sufficiently broad to

include the entire transaction, including what occurred before as well as what occurred after plaintiff was struck by defendant's car, and limiting the inquiry to the things that occurred, and the action that was taken by the driver after that event was erroneous.

The jury should have been permitted to consider the evidence as to what occurred before plaintiff was struck and thrown beneath the car as bearing on the questions of defendant's negligence and plaintiff's freedom from negligence.

The judgment should be reversed on the law and a new trial granted, with costs to appellant to abide the event.

All concur, except TAYLOR, J., not voting. Present — HUBBS, P. J., CLARK, SEARS, TAYLOR and SAWYER, JJ.

Judgment and order reversed on the law and a new trial granted, with costs to appellant to abide the event.